IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH, | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. AMD-07-245 |
| PETER L. GOLDMAN | * | |
| O'REILLY AND MARK, PC | | |
| BONNIE S. GOLDBERG | * | |
| ALBERTO GONZALES | | |
| U.S. DEPARTMENT OF JUSTICE, | * | |
|     Defendants | | |
| | *** | |

MEMORANDUM

On April 27, 2006, a criminal complaint was filed charging plaintiff with two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). An indictment charging the same was returned on May 8, 2006. The criminal docket reveals that plaintiff has twice received the appointment of CJA counsel and that a joint motion for court-ordered psychiatric examination was recently granted.

Plaintiff, who is detained at the Northern Neck Regional Jail in Warsaw, Virginia, filed this tort complaint against defense counsel and his law firm, the federal prosecutor, the United States Attorney General, and the U.S. Department of Justice, claiming that counsel and the government have conspired to "deprive her of due process" by denying her bond and speedy trial and by failing to provide truthful statements to the court. Paper No. 1. Plaintiff further alleges fraud under "Title 18," and in particular states that her attorney has failed to employ required criminal defense skills, prudence, and diligence, thus subjecting her to nine months of imprisonment. *Id*. She also alleges a claim for defamation against defendants based upon unspecified statements and testimony made to the court and grand jury in 2006. Paper No. 1. Finally, plaintiff alleges a claim for "obstruction of justice," asserting that defendants have impeded her right to be released on bond, to have a speedy

trial, and to seek justice. *Id*. Plaintiff seeks release from confinement and $750,000 in damages for pain and suffering. Because she appears indigent, plaintiff's motion for leave to proceed in forma pauperis shall be granted; her complaint shall be dismissed without requiring a response from defendants.

Affording the pro se complaint a generous construction, it appears that plaintiff is asserting state tort claims of legal malpractice, fraud, and defamation under this court's diversity jurisdiction. The court lacks jurisdiction, however, under 28 U.S.C. § 1332 as plaintiff has failed to demonstrate that she and defendants are domiciled in different districts. For the purpose of § 1332(a), an individual's citizenship is determined by domicile. *See Williamson v. Osenton*, 232 U.S. 619, 624-25 (1914). A party's domicile is established at the time a case is filed, *see Freeport-McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428-29(1991), and it is determined by the party's place of residence and intent to remain in that place indefinitely. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). It is well-established that a prisoner does not acquire a new domicile when she is incarcerated in a state different from her previous domicile. Instead, the prisoner retains her pre-incarceration domicile. *See* 15 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 102.37[8][a] (3d ed.1999) (collecting cases). The court record shows that plaintiff, a frequent filer in this court, has maintained a Maryland address since at least 1996, and she has not argued, nor can she plausibly maintain, that she has acquired a new domicile in Virginia.

To the extent that plaintiff is seeking compensation for her arrest and detention under a civil rights theory, the case shall be summarily dismissed without prejudice as her complaint for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). A judgment in favor of plaintiff with regard to her arrest, detention, and

criminal prosecution would bring into question the validity of the federal criminal proceedings. Under the rule of *Heck,* her civil rights claims for damages may not proceed in this court at this time. *See Crow v. Perry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (*Heck* applies to 28 U.S.C. § 1331 civil rights actions). An Order follows.


Filed: February 7, 2007                                           _/s/_____
                                                                                Andre M. Davis
                                                                                United States District Judge